UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROGER M. PRESTON, | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) Civil Action No. |
| SECOND WIND, INC. | ) |
| WALTER L. SASS, and SHU LEE, | ) |
| Defendants. | ) |

**COMPLAINT AND JURY DEMAND**

**Introduction**

1. By this action, Plaintiff Roger M. Preston ("Mr. Preston" or "Plaintiff"), seeks damages and equitable relief against his former employer, Second Wind, Inc. ("Second Wind"), Walter L. Sass ("Mr. Sass"), and Shu Lee ("Mr. Lee") for age discrimination in violation of 29 U.S.C. § 623 and M.G.L.c. 151B § 4, for unlawful retaliation in violation of 29 U.S.C. § 623 and M.G.L.c. 151B § 4, and for tortious interference with contractual or advantageous business relationship.

**Parties**

2. Mr. Preston is an individual residing at 188 Wellesley Ave., Wellesley, Norfolk County, Massachusetts 02481.

3. Second Wind is a Massachusetts corporation with its principal place of business at 366 Summer Street, Somerville, Middlesex County, Massachusetts 02144.

4. Second Wind is in the business of providing wind assessment data and technology to businesses in the wind energy industry.

5. Mr. Sass is an individual residing at 20 Benton Road, Somerville, Middlesex County, Massachusetts 02143, and is, and was at all times relevant hereto, the President of Second Wind.

6. Mr. Lee is an individual residing at 163 Wellman Ave., Chelmsford, Middlesex County, Massachusetts 01863, and is, and was at all times relevant hereto, the Software Manager of Second Wind and Mr. Preston's direct supervisor.

## Jurisdiction and Venue

7. The United States District Court for the District of Massachusetts has original jurisdiction in this matter pursuant to 28 U.S.C. §1331 because Counts I and II arise under the Constitution, laws, or treaties of the United States.

8. The United States District Court for the District of Massachusetts has supplemental jurisdiction in this matter pursuant to 28 U.S.C. §1367(a) over Counts III-V because these claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is appropriate in this Court because a substantial part of the actions and omissions giving rise to the claims stated herein occurred in the District of Massachusetts.

## Statement of Facts

10. Mr. Preston was hired by Second Wind as a software developer in April 2006 after an interview with Mr. Lee. During this interview, Mr. Lee emphasized to Mr. Preston that the position would involve .NET framework programming. Mr. Preston and Mr. Lee discussed Mr. Preston's .NET framework programming experience at length during this interview.

11. In February 2007, Second Wind, again through Mr. Lee, hired Mr. Vincent Lee as a software programmer. Mr. Vincent Lee was in his early twenties and a recent graduate with no job experience at the time he was hired.

12. Over the course of the next year, Mr. Preston outperformed Mr. Vincent Lee, while utilizing the .NET framework, both in terms of lines of working software code and the number of projects delivered.

13. In June 2008, Mr. Preston received a favorable performance review from Mr. Lee.

14. In July 2008, Mr. Preston was rewarded with a raise due in part to delivering the Triton project, a .NET framework technology.

15. Despite this raise and the favorable performance review from Mr. Lee, in the fall of 2008, Mr. Lee attempted to demote Mr. Preston by moving him into a database administration job. This maneuver was a pretext for giving the younger Mr. Vincent Lee more .NET-related software programming responsibility, while relegating Mr. Preston to a job with little or no .NET-related responsibility.

16. Thereafter, Mr. Lee engaged in intentional interference with Mr. Preston's professional business duties in an attempt to, on the one hand, prevent Mr. Preston from completing those duties successfully, and on the other hand to advantage Mr. Vincent Lee. Specifically, Mr. Lee denied Mr. Preston access to an offsite consultant; attempted to marginalize Mr. Preston by obligating him to perform irrelevant busy work while Mr. Vincent Lee would handle the real programming work of Second Wind; altered Mr. Preston's timesheet, unbeknown to Mr. Preston, in order to deprive Mr. Preston of benefits due and owing from Second Wind; engaged in harassing behavior towards Mr. Preston in front of Second Wind

officers; and threatened to terminate Mr. Preston's employment in response to Mr. Preston pointing out the impropriety of such harassment and humiliating comments.

17. In November of 2008, Mr. Sass held a private meeting with Mr. Preston in which he stated that 1) he favored younger employees over older employees, 2) he was instituting a "voluntary" private-stock-in-lieu-of-salary program, ostensibly, in order to reduce Second Wind's payroll, and 3) that this private-stock-in-lieu-of-salary program was for older employees only. Over the course of this hour-long meeting, Mr. Sass repeatedly attempted to pressure Mr. Preston into accepting this "voluntary" private-stock-in-lieu-of-salary program which would effectively result in a significant a wage reduction to Mr. Preston.

18. During this meeting Mr. Preston expressed his opposition to the private-stock-in-lieu-of-salary program because it was applied disparately to Mr. Preston and to Second Wind's younger employees.

19. After this meeting with Mr. Sass, Mr. Preston again stated his opposition to Second Wind's private-stock-in-lieu-of-salary program to Mr. Enda Bloomer, Second Wind's CFO.

20. Second Wind did not request that Mr. Vincent Lee or any of its other younger employees participate in this private-stock-in-lieu-of-salary program.

21. Despite the pretextual explanation given by Mr. Sass that the private-stock-in-lieu-of-salary program was a cost saving measure, Second Wind boasts on its website that in 2007 it was recognized on a list of the fastest-growing private companies in the United States (as was also the case for 2008 and 2009).

22. Believing he had no other option, Mr. Preston unwillingly consented to participation in this private-stock-in-lieu-of-salary program. Despite this fact, only a few days later, on November 14, 2008, Mr. Preston's employment was terminated via a telephone call from Mr. Lee.

23. Second Wind later represented that the rationale for Mr. Preston's firing was that Mr. Vincent Lee was better and more up to date on .NET framework programming than was Mr. Preston, despite the fact that Mr. Preston had outperformed Mr. Vincent Lee both in terms of .NET lines of working software code and the number of .NET projects delivered.

24. At the time of the termination of his employment, Mr. Preston was over fifty years old.

25. Also terminated at that time were two other employees in their late-fifties or early sixties. Upon information and belief, although these terminations were represented as down-sizing, at least one of the older "down-sized" employees was subsequently replaced by Second Wind with a younger, recent college graduate.

26. In March 2009, Mr. Preston filed a timely complaint for age discrimination with the Massachusetts Commission Against Discrimination.

27. Mr. Preston has satisfied the administrative requirements necessary to bring the asserted claims herein.

**Statement of Claims**

**COUNT I**
(Violation of Age Discrimination in Employment Act, 29 U.S.C. § 623 against Second Wind)

28.     Plaintiff repeats the allegations set forth in Paragraphs 1 through 27 and, by this reference, incorporates them herein.

29.     Second Wind employs, and at all times relevant hereto, did employ, more than twenty (20) employees and is an employer under 29 U.S.C. § 623(b).

30.     At all times relevant hereto, Mr. Preston was over forty years of age.

31.     Mr. Preston met Second Wind's legitimate job performance expectations in his position as a software programmer.

32.     Mr. Preston experienced adverse employment action by being forced to accept a reduction in wages and by having his employment terminated.

33.     Second Wind did not treat age neutrally by not imposing or seeking to impose said wage reduction on younger employees and also by maintaining a younger employee in the same position previously occupied by Mr. Preston.

34.     The violation of 29 U.S.C. § 623 by Second Wind was willful.

35.     As a result of said adverse employment action, Mr. Preston was caused to suffer damages in the form of the loss of a reduction in wages, the termination of his employment and resultant loss of income and benefits, severe emotional distress, damage to his personal and professional reputation, future lost wages and benefits, damages to his earning capacity, medical expenses, and attorney fees.

## COUNT II
(Unlawful Retaliation in Violation of Age Discrimination in
Employment Act, 29 U.S.C. § 623 against Second Wind)

36. Plaintiff repeats the allegations set forth in Paragraphs 1 through 35 and, by this reference, incorporates them herein.

37. Mr. Preston engaged in protected conduct, specifically by stating his opposition to Mr. Sass's stated preference of hiring and/or retaining and/or compensating unequally younger employees.

38. Mr. Preston experienced adverse employment action for engaging in said protected conduct by having his employment terminated by Second Wind.

39. The decision to terminate Mr. Preston's employment was directly caused by Mr. Preston's opposition to Mr. Sass's stated preference of hiring and/or retaining and/or compensating unequally younger employees.

40. The violation of 29 U.S.C. § 623 by Second Wind was willful.

41. As a result of the decision to terminate Mr. Preston, Mr. Preston has suffered damages in the form of the loss of a reduction in wages, the termination of his employment and resultant loss of income and benefits, severe emotional distress, damage to his personal and professional reputation, future lost wages and benefits, damages to his earning capacity, medical expenses, and attorney fees.

## COUNT III
(Age Discrimination in Violation of M.G.L. c. 151B § 4 against Second Wind, Sass, and Lee)

42. Plaintiff repeats the allegations set forth in Paragraphs 1 through 41 and, by this reference, incorporates them herein.

43. Mr. Preston is a member of a protected class, namely he is over forty years old.

44. At all times relevant hereto, Mr. Preston performed his job satisfactorily.

45. Second Wind, Mr. Sass, and Mr. Lee acted with a discriminatory animus in forcing Mr. Preston to accept a reduction in his wages.

46. Second Wind, Mr. Sass, and Mr. Lee acted with a discriminatory animus in terminating Mr. Preston's employment based on Mr. Preston's age.

47. Mr. Preston was replaced with a younger individual outside the protected class with inferior qualifications and skills and proven track record of inferior performance.

48. Second Wind did not impose on younger employees the same wage reduction imposed on Mr. Preston.

49. Second Wind, Mr. Sass, and Mr. Lee knew, or should have known, that their acts and/or practices violated the provisions of M.G.L. c. 151B § 4.

50. As a direct result of the discriminatory animus of Second Wind, Mr. Sass, and Mr. Lee, Mr. Preston has suffered harm as a direct result of the discriminatory animus of Second Wind, Mr. Sass, and Mr. Lee in the form of the loss of a reduction in wages, the termination of his employment and resultant loss of income and benefits, severe emotional distress, damage to his personal and professional reputation, future lost wages and benefits, damages to his earning capacity, medical expenses, and attorney fees.

**COUNT IV**
(Unlawful Retaliation in Violation of M.G.L. c. 151B § 4 against Second Wind, Sass, and Lee)

51. Plaintiff repeats the allegations set forth in Paragraphs 1 through 50 and, by this reference, incorporates them herein.

52. Mr. Preston engaged in protected conduct, specifically by stating his opposition to Mr. Sass's stated preference of hiring and/or retaining and/or compensating unequally younger employees.

53. Mr. Preston experienced adverse employment action by having his employment terminated.

54. Second Wind, Mr. Sass, and Mr. Lee knew, or should have known, that their acts and/or practices violated the provisions of M.G.L. c. 151B § 4.

55. The decision to terminate Mr. Preston's employment was directly caused by Mr. Preston's opposition to Mr. Sass's stated preference of hiring and/or retaining and/or compensating unequally younger employees.

56. As a result of the decision to terminate Mr. Preston, Mr. Preston has suffered damages in the form of the loss of a reduction in wages, the termination of his employment and resultant loss of income and benefits, severe emotional distress, damage to his personal and professional reputation, future lost wages and benefits, damages to his earning capacity, medical expenses, and attorney fees.

## COUNT V
(Tortious Interference With Contractual Or Advantageous Business Relationship against Lee)

57. Plaintiff repeats the allegations set forth in Paragraphs 1 through 56 and, by this reference, incorporates them herein.

58. At all times during his employment with Second Wind, Mr. Preston had a contractual and/or advantageous business relationship with Second Wind.

59. Mr. Lee intentionally, knowingly and improperly interfered with said contract and business relationship through systematic conduct intended to sabotage Mr. Preston's contractual and business relationship with Second Wind to the detriment of Mr. Preston and to the benefit of Mr. Vincent Lee. Such conduct was undertaken with malice and without just cause or excuse.

60. Mr. Preston suffered harm as a result of said tortious interference in the form of the loss of a reduction in wages, the termination of his employment and resultant loss of income and benefits, severe emotional distress, damage to his personal and professional reputation, future lost wages and benefits, damages to his earning capacity, medical expenses, and attorney fees.

## Request For Relief

WHEREFORE, the Plaintiff Roger M. Preston requests that this Court:

1. Enter judgment in his favor on all Counts of his Complaint;

2. Award damages for all losses suffered on account of defendant's unlawful conduct;

3. Award punitive damages for defendants' knowing, willful and repeated violation of antidiscrimination laws;

4. Award interest, costs, and attorneys' fees as allowed by law;

5. Grant such other relief as the Court deems just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

                              Respectfully submitted,
                              PLAINTIFF ROGER M. PRESTON,

                              By his attorney,

                              /s/ Andrew J. Fay
                              Andrew J. Fay (BBO# 550058)
                              LECLAIRRYAN
                              One International Place
                              Eleventh Floor
                              Boston, Massachusetts 02110
                              Phone: (617) 502-8207
                              andrew.fay@leclairryan.com

Date: February 4, 2011

7659125v1
27178.0001