UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROGER M. PRESTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-10193-JLT |
| | * | |
| SECOND WIND, INC., et al. | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

November 17, 2011

TAURO, J.

I.     Introduction

The chain of events underlying this action originated in November, 2008 when Plaintiff Roger Preston's employment with Defendant Second Wind, Inc. ("Second Wind") was terminated. In March 2009, Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"), and in February 2011, Plaintiff brought this civil action. Presently at issue is Defendants' Motion to Dismiss Plaintiff's Claims Against the Individual Defendants Arising Under G.L. c. 151B (Counts III and IV), Motion to Dismiss His State and Federal "Retaliation" Claims Against All Defendants (Counts II and IV), and Request for Oral Argument [#11]. For the following reasons, Defendants' Motion is ALLOWED IN PART and DENIED IN PART.

II.     Background[1]

Plaintiff Roger Preston was hired by Defendant Second Wind as a software developer in April 2006.[2] At that time, Defendant Shu Lee ("Lee") expressed to Plaintiff that his position would involve .NET framework programming.[3] Plaintiff was approximately fifty years old when he began working for Defendant Second Wind.[4] In February 2007, Defendant Second Wind hired Vincent Lee, who was in his early twenties and had no job experience as a software programmer.[5] In June 2008, Plaintiff received a favorable performance review from Defendant Lee. In July of that year, Plaintiff received a raise, which was due in part to Plaintiff delivering a project utilizing .NET framework technology.[6]

In the fall of 2008, however, Plaintiff was moved to a database administrative position, which had little or no .NET-related responsibility. Plaintiff alleges that his change in position was a pretext for providing Mr. Lee with more .NET-related work, even though Plaintiff outperformed Mr. Lee while using the .NET framework.[7]

---

[1] Because the issues analyzed here arise in the context of a motion to dismiss, this court presents the facts as they are related in Plaintiff's Complaint, Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[2] See Compl. ¶ 10 [#1].

[3] See Compl. ¶ 10 [#1].

[4] See Compl. ¶ 24.

[5] See Compl. ¶ 11.

[6] See Compl. ¶¶ 13–14.

[7] See Compl. ¶¶ 12, 15.

In November 2008, Defendant Sass held a private meeting with Plaintiff during which Defendant Sass stated that he favored younger employees to older ones.[8] Defendant Sass also informed Plaintiff that he was instituting a "voluntary" private-stock-in-lieu-of-salary program (the "program") only for older employees.[9] During the approximately one-hour long meeting, Defendant Sass repeatedly pressured Plaintiff to accept the program.[10] Plaintiff voiced his opposition to the fact that younger employees were not asked to participate in the program.[11] Even though the program would significantly reduce Plaintiff's income, Plaintiff eventually agreed to participate because he felt he had no other option.[12] After the meeting with Defendant Sass, Plaintiff expressed his opposition to the program to Enda Bloomer, Defendant Second Wind's chief financial officer.[13]

On November 14, 2008, Defendant Lee called Plaintiff and terminated his employment at Defendant Second Wind.[14] At that time, Plaintiff was over fifty years old.[15] Two other employees of Defendant Second Wind who were over fifty years old were also terminated around the same

---

[8] See Compl. ¶ 17 [#1].

[9] See Compl. ¶ 17 [#1].

[10] See Compl. ¶ 17 [#1].

[11] See Compl. ¶ 18 [#1].

[12] See Compl. ¶¶ 17, 22 [#1].

[13] See Compl. ¶ 19 [#1].

[14] See Compl. ¶ 22 [#1].

[15] See Compl. ¶ 24 [#1].

time.[16]

In March 2009, Plaintiff filed a complaint with the MCAD alleging age discrimination by Defendant Second Wind.[17] In the Charge of Discrimination for his MCAD Complaint, under the section labeled "Cause of Discrimination Based on," Plaintiff checked the box for age discrimination. Plaintiff did not check the box for retaliation. In his MCAD Complaint itself, Plaintiff only named Defendant Second Wind as a respondent. Plaintiff did, however, include in the complaint numerous factual allegations regarding how Defendants Lee and Sass treated him. Plaintiff also stated, among other things, that: "[t]he aggressive, hostile, and immediate nature of Mr. Preston's employment termination is much more consistent with a retaliatory action on the part of Shu Lee, than with a general layoff by Second Wind . . . ."[18]

On February 2, 2011, Plaintiff filed his Complaint in the United States District Court for the District of Massachusetts. He asserted the following five counts: (1) violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 by Defendant Second Wind; (2) unlawful retaliation in violation of ADEA by Defendant Second Wind; (3) age discrimination in violation of M.G.L. c. 151B § 4 by Defendants Second Wind, Sass, and Lee; (4) unlawful retaliation in violation of M.G.L. c. 151B § 4 by Defendants Second Wind, Sass, and Lee; and (5) tortious interference with contractual or advantageous business relationship by Defendant Lee.[19]

---

[16] See Compl. ¶ 25 [#1].

[17] See Compl. ¶ 26 [#1]; MCAD Compl. [#12-1].

[18] See MCAD Compl. ¶ 11 [#12-1].

[19] See Compl. ¶¶ 28–60.

On June 8, 2011, Defendants brought a partial motion to dismiss (1) Plaintiff's claims against Defendants Lee and Sass arising under M.G.L. c. 151B § 4 and (2) Plaintiff's state and federal retaliation claims against all Defendants.

III.  Discussion

    A.  Claims Against Defendants Lee and Sass Arising Under M.G.L. c. 151B § 4

Under Massachusetts law, a plaintiff alleging employment discrimination must file a complaint with the MCAD prior to bringing a civil action.[20] If a plaintiff fails to do so, the plaintiff is barred from bringing the civil action.[21] The purpose of bringing a claim before MCAD is to provide the employers with notice, and to provide the MCAD an opportunity for conciliation–resolution of the discrimination claim outside of the court.[22] In discussing the purpose of an administrative charge with the EEOC, the First Circuit stated that it provides the parties "an opportunity to eliminate the alleged unlawful practices through informal methods of

---

[20] See Singleton v. Sinclair Broadcast Group, Inc., 660 F. Supp. 2d 136, 146 (D.Mass. 2009).

[21] See Fant v. New England Power Serv. Co., 239 F.3d 8, 11 (1st Cir. 2001) ("A party who wants to file a civil action charging discrimination in employment under Chapter 151B must first file the charge with the MCAD."); see also Singleton, 660 F. Supp. 2d at 146; Everett v. 357 Corp., 904 N.E.2d 733, 746 (Mass. 2009).

[22] See Fant, 239 F.3d at 11; Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st. Cir. 1996) ("The purpose of [the exhaustion] requirement is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation."); Everett, 453 N.E.2d at 746 ("The purpose of the administrative filing is '(1) to provide the MCAD with an opportunity to investigate and conciliate the claim of discrimination; and (2) to provide notice to the defendant of potential liability.'" (quoting Cuddyer v. Stop & Shop Supermarket Co., 750 N.E.2d 928, 936 (Mass. 2001))).

conciliation . . . ."[23]

Failure to name an individual as a respondent in the MCAD complaint does not necessarily bar a plaintiff from naming that individual as a defendant in the civil action.[24] As Judge Lindsay found in Chatman v. Gentle Dental Center of Waltham, a civil suit may be brought against a defendant not named as a respondent in the administrative complaint, if "the charge put[s] that party's conduct at issue and if the party was on notice of the charge and had an opportunity to participate in the MCAD proceeding . . . ."[25] In Chatman, the court determined that the plaintiff could not file a claim against two defendants the plaintiff failed to name as respondents in the MCAD complaint.[26] The court reasoned that the civil complaint: "[did] not allege that the individual defendants had notice of the MCAD Charge and an opportunity to conciliate it and because notice and an opportunity to conciliate cannot be reasonably inferred from allegations in the complaint . . . ."[27]

In determining whether an individual had notice and an opportunity to conciliate, other courts have focused on whether the plaintiff attempted to amend the MCAD complaint to include a respondent the plaintiff did not originally name as a respondent.[28] This, of course, is only an

---

[23] Powers v. Grinnel Corp., 915 F.2d. 34, 37 (1st Cir. 1990) (internal quotation omitted).

[24] See Singleton, 660 F. Supp. 2d at 146-47.

[25] 973 F. Supp. 228, 234 (D.Mass 1997).

[26] See id. at 236.

[27] Id.

[28] See Singleton, 660 F. Supp. 2d at 147; Horney v. Westfield Gage Co., 95 F. Supp. 2d 29, 36 (D.Mass 2000).

issue if the plaintiff knew that the particular individual was involved in the alleged discrimination when the plaintiff still had an opportunity to amend the MCAD complaint. In Singleton, the court dismissed the plaintiff's claims against a defendant not named in the MCAD complaint.[29] Even though the plaintiff knew the defendant's identity when she filed the MCAD complaint, plaintiff never attempted to amend the MCAD complaint to include the defendant as a respondent.[30] In another case, Horney, however, the court allowed the plaintiff to bring claims against the defendant.[31] The plaintiff there had attempted to add the defendant as a respondent by amending the MCAD complaint.[32] This attempt provided the defendant with proper notice and an opportunity to conciliate.[33] A Massachusetts Appeals Court similarly upheld a motion for summary judgment by a defendant in a civil action where the plaintiff knew of the defendant's involvement in the plaintiff's layoff at the time he filed his MCAD complaint.[34] The plaintiff, nonetheless, never attempted to amend his MCAD complaint to add the defendant as a respondent.[35]

In the present case, even though Defendants Lee and Sass are mentioned in the MCAD complaint, they are not named as respondents. Plaintiff makes no attempt in his civil complaint to

---

[29] Singleton, 660 F. Supp. 2d at 147.

[30] Id.

[31] 95 F. Supp. 2d at 36.

[32] Id.

[33] Id.

[34] Powers v. H.B. Smith Co., Inc., 679 N.E.2d 252, 258-59 (Mass. App. Ct. 1997).

[35] Id.

demonstrate that these individual Defendants had the ability to participate in the MCAD proceeding[36]  There is also no evidence that there was an opportunity to conciliate the claims prior to a civil suit.[37]  In Plaintiff's Opposition to Defendants' Motion to Dismiss, Plaintiff mentions that Defendant "Lee submitted a five-page affidavit to MCAD in connection with Second Wind's Position Statement."[38]  Even if it were proper for the court to consider this in dealing with the current motion to dismiss, the fact of the affidavit provides no evidence of Defendant Lee's opportunity to conciliate.  It also does not address the issue of whether Defendant Sass had an opportunity to participate in the MCAD proceeding.

Additionally, there is no indication in the MCAD record that Plaintiff ever attempted to amend the MCAD complaint to include these individual defendants as respondents.  Plaintiff knew Defendants Sass and Lee's identities and their role in the alleged discrimination at the time he filed his MCAD complaint.[39]  Amending the MCAD complaint could have properly placed the individual Defendants on notice of the possibility of civil action against them.[40]  Without any notice, the individual Defendants could not anticipate future civil action against them, and had no opportunity to conciliate.  Where notice to defendants of the possibility of a civil action is

---

[36] See Chatman, 973 F. Supp. at 236; see also Powers v. Grinnel Corp., 915 F.2d. 34, 37 (1st Cir. 1990).

[37] See Chatman, 973 F. Supp. at 236

[38] Pl.'s Opp'n to Def.'s Mot. to Dismiss.

[39] See Singleton v. Sinclair Broadcast Group, Inc., 660 F. Supp. 2d 136, 147 (D.Mass. 2009); Horney v. Westfield Gage Co., 95 F. Supp. 2d 29, 36 (D.Mass 2000); see also Powers, 679 N.E.2d at 258-59.

[40] See Singleton, 660 F. Supp. 2d at 147; Powers, 679 at 258-59.

inadequate, the purposes of the MCAD pleading requirement are frustrated.[41] For these reasons and the reasons stated above, Plaintiff's claims against Defendants Lee and Sass arising under M.G.L. c. 151B § 4 (stated in counts III and IV of the Complaint) are DISMISSED.

B.     Plaintiff's State and Federal Retaliation Claims Against All Defendants

Although a plaintiff must file an MCAD complaint prior to bringing a civil action alleging employment discrimination, the scope of the civil action is not strictly limited to the claims listed in the MCAD complaint.[42] A plaintiff may include in the civil complaint any claims of "'acts of discrimination that the MCAD investigation could reasonably be expected to uncover.'"[43] This is commonly referred to as the "scope of the investigation rule."

The factual allegations stated in the plaintiff's MCAD complaint create the basis for determining what properly fits within the scope of the investigation, even if the MCAD did not investigate such alternative bases of discrimination.[44] What is critical is that the MCAD complaint

---

[41] See Fant v. New England Power Service Co. 239 F.3d 8, 11 (1st Cir. 2001) ("The purpose of mandatory submission to the MCAD process is to provide notice to the prospective defendant and to encourage conciliation and settlement of disputes.").

[42] See Thorton v. United Parcel Service, Inc., 587 F.3d 27, 31-32 (1st Cir. 2009) (quoting Davis v. Lucent Technologies, Inc., 251 F.3d 227, 233 (1st. Cir. 2001); Conroy v. Boston Edison Co., 758 F. Supp. 54, 58 (D.Mass 1991).

[43] Thorton, 587 F.3d at 31-32 (quoting Davis 251 F.3d at 233); see Everett v. 357 Corp., 904 N.E.2d 733, 748 (Mass. 2009) ("[A] claim that is not explicitly stated in the administrative complaint may be asserted in the subsequent Superior Court action so long as it is based on the acts of discrimination that the MCAD investigation could reasonably be expected to uncover.") (internal quotation omitted).

[44] See Conroy, 758 F. Supp. at 58 ("[W]here the factual statement in a plaintiff's written charge should have alerted the agency to an alternative basis of discrimination, and should have been investigated, the plaintiff will be allowed to allege this claim in his or her complaint regardless of whether it was actually investigated."); see also Lattimore v. Polaroid Corp., 99 F.3d 456, 464-65 (1st Cir. 1996) ("When [an investigation] is launched in response to a charge of

must "describe the essential nature of the claim and [] identify the core facts on which it rests."[45] The MCAD investigation is not a "fishing expedition," and it cannot be reasonably expected to encompass acts of discrimination unrelated to the core facts in the charge.[46] The scope of investigation rule, nonetheless, allows plaintiffs to include an alternative basis of discrimination in the civil complaint when such a basis "would have been uncovered in a reasonable [MCAD] investigation."[47]

Here, Plaintiff did not include a claim of discrimination based on retaliation in his MCAD complaint and he seeks to bring a cause of action based on retaliation in this suit. When similar circumstances have arisen in other cases, the retaliation claim brought in the civil suit is typically a claim of retaliation for bringing the MCAD complaint.[48] In this case, Plaintiff's claim of retaliation, however, is based on his complaining about the private-stock-in-lieu-of-salary program. This occurred prior to his filing the MCAD complaint. This difference, however, does not alter the scope of the investigation analysis.

Even if MCAD failed to actually investigate retaliation against Plaintiff, a reasonable

---

employment discrimination, the direction and scope of the investigation are guided by the allegations contained in the charge."); Ianetta v. Putnam Invs., Inc., 142 F. Supp. 2d 131, 134 (D.Mass. 2001) ("It is irrelevant whether the agency actually investigates the claim.").

[45] Lattimore, 99 F.3d at 464.

[46] Id. at 465.

[47] Thorton, 587 F.3d at 32.

[48] See, e.g., Clifton v. Massachusetts Bay Transportation Authority, 839 N.E.2d 314, 319 (Mass. 2005).

investigation by MCAD would have uncovered this basis for the alleged discrimination.[49] In Plaintiff's MCAD complaint he mentions twice the possibility that he may have been fired out of retaliation.[50] In one instance, Plaintiff states: "The aggressive, hostile, and immediate nature of Mr. Preston's employment termination is much more consistent with a retaliatory action on the part of Shu Lee, than with a general layoff by Second Wind, when, just 3 days before this 'layoff', Mr. Preston had been told by Enda Bloomer & Walter Sass that there were no immediate plans by Second Wind for any layoff."[51] These statements regarding retaliation are in the paragraphs immediately following Plaintiff's recitation of his conversations with Defendant Sass and Mr. Bloomer about his participation in the program[52]–which Plaintiff claims in the civil complaint are the bases for the retaliatory firing.[53] Without turning the MCAD investigation into a fishing expedition, a reasonable investigation would have uncovered the basis for the retaliation claim.

Accordingly, Plaintiff may proceed with his retaliation claim against Defendant Second Wind. But, for the reasons stated above,[54] Plaintiff's retaliation claim against Defendants Lee and Sass is DISMISSED for failure to name these parties as respondents in the original MCAD complaint.

---

[49] See Conroy, 758 F. Supp. at 58

[50] MCAD Compl. ¶¶ 8, 11 [#12-1].

[51] Id. at ¶ 11.

[52] See id. at ¶¶ 6-7.

[53] See Compl. ¶ 55 [#1].

[54] See supra Part III.A.

IV.     Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [#11] is ALLOWED IN PART and DENIED IN PART as follows: Defendant's Motion to Dismiss Plaintiff's Claims Against the Individual Defendants Arising under M.G.L. c. 151B (Counts III and IV) is ALLOWED; Defendants' Motion to Dismiss [Plaintiff's] State and Federal "Retaliation Claims Against All Defendants (Counts II and IV) is DENIED with regard to Defendant Second Wind and ALLOWED with regard to Defendant Sass and Defendant Lee; and Defendants' Request for Oral Argument is DENIED AS MOOT.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge